Opinion issued December 2, 2004
     













In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01358-CV




ANNABELLE WHITINGER, INDIVIDUALLY AND AS
REPRESENTATIVE OF THE ESTATE OF ROLIA WHITINGER; JOHN
WHITINGER; ERICA DE LA GARZA; VICTORIA CRUZ; AND
MARGARET WHITINGER , Appellants

V.

THE UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON,
Appellee




On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Cause No. 03CV1679-A




MEMORANDUM OPINION
          This interlocutory, accelerated appeal presents governmental immunity issues
regarding the alleged mishandling of the willed body and remains of Rolia Whitinger. 
The appellants, consisting of Rolia Whitinger’s wife, Annabelle Whitinger,
individually and as representative of the estate of Rolia Whitinger, and their four
children, John Whitinger, Erica De La Garza, Victoria Cruz, and Margaret Whitinger
(collectively, the Whitinger family) challenge the trial court’s orders granting a plea
to the jurisdiction in favor of appellee, the University of Texas Medical Branch at
Galveston (“UTMB”).


 In three issues, the Whitinger family contends that the trial
court erred by granting UTMB’s pleas to the jurisdiction because (1) the family has
alleged cognizable tort claims for which UTMB is not immune, including negligence
through the breach of a special relationship arising from the handling of human
remains, negligent supervision, negligence per se, and constructive fraud; (2) UTMB
caused injuries by the use of “tangible personal property,” resulting in waiver of
UTMB’s governmental immunity pursuant to the provisions of the Tort Claims Act;



and (3) the family has asserted a breach of contract claim for which UTMB has no
immunity. We affirm the orders of the trial court. 
Factual and Procedural Background
          Before he died, Rolia Whitinger had agreed to donate his body to UTMB. He
signed UTMB forms entitled “Donation of a Decedent’s Body,” which read in part
as follows:
I [signator] . . . will and bequeath, at my death, my body to the Anatomic
Board of the State of Texas [UTMB] for the purpose of advancement of 
medical science and education.

          . . . .
 
It is my understanding that [the] final disposition of my body shall be
cremation.
 
I hereby relinquish all rights and claims regarding my body, by any
person whatsoever, and direct that in accepting and using this body for
scientific purposes, and disposing of the body, neither the Anatomical
Board of the State of Texas nor the receiving institution shall incur any
liability, and no claim shall arise against that institution in any manner.

This form also provided that, in the event that UTMB did not need a body at the time
of death, the remains could be assigned to another institution.
          In July 2002, a representative of UTMB sent a letter to Annabelle Whitinger
concerning the fate of the donated remains of her deceased husband. The letter read,
in part, as follows:
I am writing to express my deep personal regret that we are unable to
return [the decedent’s] ashes to you. On behalf of [UTMB], I pledge
that we will do everything in our power to symbolically recognize the
importance of Rolia Whitinger’s contribution to medical education and
research.
 
We make no excuses for the failure of oversight that led to the
commingling of donors’ ashes and caused pain to the relatives of those
to whom we owe such a special debt of gratitude. We also recognize
that nothing can ever take the place of the remains of your loved one.
 
. . . .
 
We understand your need for closure and are putting every effort into
finding answers to the questions that donors’ families have raised. Our
internal audit continues, as does the criminal investigation, and I
promise to keep you informed of any significant findings or
developments.

          . . . .
 
We cannot undo what has been done, but we can reaffirm our deepest
appreciation for [the decedent’s] invaluable gift and vow to work hard
at regaining whatever trust we have compromised.

          The Whitinger family’s pleadings against UTMB


 assert claims for damages
for severe emotional distress and mental anguish arising out of UTMB’s negligence,
negligent supervision, negligence per se, constructive fraud, and breach of contract. 
          UTMB filed a plea to the jurisdiction in this case. Among its several grounds,
UTMB argued that (1) no cognizable cause of action exists because no “special
relationship” existed between the Whitinger family and UTMB that would permit the
family to recover mental anguish damages without sustaining a physical injury, and
(2) UTMB did not waive its governmental immunity, pursuant to the Tort Claims Act,
for the Whitinger family’s causes of action. The trial court subsequently granted
UTMB’s plea to the jurisdiction, dismissed the Whitinger’s family’s causes of action
against UTMB, and severed the Whitinger’s family’s claims against UTMB into
separate causes.
Discussion
          In Noah v. University of Texas Medical Branch at Galveston, No. 01-03-00985
& 01-03-00986-CV, 2004 WL 1794642, ___ S.W.3d ___, (Tex. App.—Houston [1st
Dist.] August 12, 2004, pet. denied), this Court recently affirmed a plea to the
jurisdiction granted to UTMB in a case that concerned other bodies donated to
UTMB under the same circumstances presented here. In Noah, we addressed the
same issues that the Whitinger family presents here. See id. We hold that Noah is
determinative of this case and overrule the Whitinger family’s three issues. 
Conclusion
          We affirm the judgment of the trial court.
 
 
 
                                                             Elsa Alcala
                                                             Justice



Panel consists of Chief Justice Radack and Justices Keyes and Alcala.